# United States Court of Appeals

## For the First Circuit

No. 06-2658

YAACOUB ELIAS MELHEM,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>William P. Joyce</u> on brief for petitioner.
<u>Benjamin J. Zeitlin</u>, Office of Immigration Litigation,
United States Department of Justice, <u>Peter D. Keisler</u>, Assistant
Attorney General, and <u>Terri J. Scadron</u>, Assistant Director, on
brief for respondent.

August 24, 2007

**LYNCH**, **Circuit Judge**.  The petitioner, Yaacoub Elias Melhem, a native and citizen of Lebanon, seeks review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The Board of Immigration Appeals (BIA), in its own opinion, affirmed the Immigration Judge's (IJ) determinations that Melhem's application for asylum was time-barred, that his testimony was not credible and he had not provided corroborating evidence, and that he had not carried his burden of proof with respect to his withholding of removal and CAT claims.  Melhem was allowed voluntary departure.  We deny the petition for review.

## I.

Melhem left Lebanon on July 29, 2000, and lawfully entered the United States with a Lebanese passport and a non-immigrant visitor visa that same day.  He was authorized to remain in the United States until January 27, 2001, but he did not depart by that date, rendering his continued presence in the United States unlawful.  Melhem lived first with his maternal uncle, who is a naturalized citizen, and then with his brother, who is lawfully in the United States on a student visa.  Melhem testified that he did not attend school in the United States and that he did not work in the United States until he received his work visa in 2004, after he had filed for asylum.

-2-

On February 4, 2003, the Immigration and Naturalization Service[1] (INS) instituted removal proceedings against Melhem. In an appearance before an IJ on June 12, 2003, Melhem conceded the allegations in the Notice to Appear but sought relief from removal. On August 8, 2003, Melhem filed an application for asylum, withholding of removal, and protection under the CAT.

At a hearing on April 15, 2005, the IJ determined that Melhem's asylum application was time-barred because he had not filed for asylum within one year of his arrival in the United States, as required by 8 U.S.C. § 1158(a)(2), and he had not demonstrated either changed or extraordinary circumstances warranting an exception to the one-year rule. In an oral decision rendered on May 16, 2005, the IJ also denied Melhem's requests for withholding of removal and protection under the CAT, based largely on his finding that Melhem's testimony was not credible.

In a November 13, 2006 opinion, the BIA affirmed the IJ's determination that Melhem's asylum application was time-barred. It also affirmed the IJ's adverse credibility finding, noting specific inconsistencies and omissions catalogued by the IJ, and agreed that the lack of credible testimony meant that Melhem had not met his burden of proof regarding his eligibility for withholding of

---

[1] The functions of the INS were shortly thereafter subsumed by the Department of Homeland Security.

removal or for protection under the CAT.  Melhem timely petitioned this court for review.

## II.

Melhem makes several claims on his petition for review. First, he argues that the IJ erred in his adverse credibility finding.  Second, he asserts that his asylum request should have been granted.  Third, he argues that the IJ wrongly denied him withholding of removal and protection under the CAT.  The BIA rejected each of these claims, and so do we.

As a preliminary matter, we lack jurisdiction over Melhem's asylum application because the IJ found his application to be time-barred and the BIA affirmed that determination.  8 U.S.C. § 1158(a)(3); see also Sharari v. Gonzales, 407 F.3d 467, 473 (1st Cir. 2005).  Melhem's attempt to cloak his factual disagreement with the BIA in the garb of due process to avoid this jurisdictional bar is unavailing.[2]  See Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007).

---

[2] Melhem also argues that the IJ's refusal to allow Melhem to amend his application to state that he was a member of the Lebanese Forces denied him a full and fair trial and demonstrated that the IJ had prejudged his claim.  This argument is without merit. Melhem had been asked several times under oath whether his application was complete and true.  He claimed that his lawyer had filled out his application and that his English was not good enough to catch the mistake, yet he slipped into English several times during the hearing.  Melhem's assertion that the IJ's refusal went beyond "expressions of impatience, dissatisfaction, annoyance, [or] even anger" is not borne out by the record.  Liteky v. United States, 510 U.S. 540, 555-56 (1994).

-4-

We do have jurisdiction to review the BIA's denial of relief under the CAT and withholding of removal. We review the BIA's decision under the deferential substantial evidence standard. Jean v. Gonzales, 461 F.3d 87, 90 (1st Cir. 2006); Long v. Gonzales, 422 F.3d 37, 40 (1st Cir. 2005). That is, we accept the BIA's decision "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Long, 422 F.3d at 40.

We agree with the BIA that the IJ's credibility determination is sufficiently supported by the record. The BIA described specific inconsistencies and omissions in Melhem's account on which the IJ relied when finding Melhem's testimony to be incredible. Melhem claimed persecution based on his political opinion and membership in a specific social group, yet he did not list his membership in the Lebanese Forces in either his application or his supporting affidavit, even though he later testified that he was a member. On his application, Melhem stated that he attended the American University of Technology in Lebanon from March until May 2001, but when questioned about his attendance during his hearing, Melhem stated that he was in the United States during that time. Other notable inconsistencies between Melhem's original application and affidavit and his later testimony include the presence of Hizbollah and Islamic Jihad at the anti-Syrian demonstrations in which Melhem participated in 1999 and 2000 and

-5-

the assertion that Syrian agents were looking for him after he fled Lebanon. Melhem's attempts to explain away these and other inconsistencies are unavailing.

To qualify for withholding of removal, Melhem must establish that his "life or freedom would be threatened in [Lebanon] on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b); see also Awad v. Gonzales, 463 F.3d 73, 76 (1st Cir. 2006). If he cannot demonstrate that he has suffered past persecution, he must establish that it is "more likely than not" that he will suffer future persecution should he return to Lebanon. 8 C.F.R. § 208.16(b)(2); see also Awad, 463 F.3d at 76.

Because the IJ can disregard or discount evidence he finds incredible, "an adverse credibility determination can prove fatal to a claim for . . . withholding of removal" if the applicant cannot meet his burden of proof without relying on his own testimony. Pan, 489 F.3d at 86. Such is the case here. Melhem provided very little additional evidence to support his account of past persecution. Given Melhem's close contact with his family, and given the presence of his mother and brother in New England at the time of his hearing, his failure to offer corroboration is

notable.[3]  See Chahid Hayek v. Gonzales, 445 F.3d 501, 508-09 (1st Cir. 2006).

Melhem also failed to provide sufficient evidence that his fear of future persecution is well-founded.  It is not clear why Syrian agents would still be looking for him based on his participation in two student demonstrations and two day-long detentions that occurred over seven years ago.  Cf. id. (discounting applicant's fear of future persecution because she last participated in a Lebanese Forces activity more than eleven years previously).  Further, general reports that some members of a certain group are persecuted in a country do not establish that it is more likely than not that the applicant himself will suffer persecution upon his return.  Awad, 463 F.3d at 77.  The BIA did not err in upholding the IJ's conclusion that Melhem did not carry his burden of proof for his withholding of removal claim.

To qualify for relief under the CAT, Melhem must establish that it is "more likely than not that he . . . would be tortured if removed to [Lebanon]."  8 C.F.R. § 208.16(c)(2); see also Awad, 463 F.3d at 77.  Evidence of past torture inflicted upon the applicant can help meet this burden of proof.  8 C.F.R. § 208.16(c)(3).  Torture means "severe pain or suffering, whether physical or mental," that is "inflicted by or at the instigation of

---

[3]  The IJ had specifically requested such familial corroboration at a preliminary hearing.

or with the consent or acquiescence of a public official or other person acting in an official capacity." Id. § 208.18(a)(1); see also Awad, 463 F.3d at 77.

Melhem presented no credible evidence to support his CAT claim. He claimed he had been tortured when he was twice detained by Syrian agents, but the IJ found this testimony to be not credible.[4] The IJ also determined that it was not "more likely than not" that Melhem would be tortured on his return to Lebanon. In affirming this conclusion, the BIA pointed out that Melhem's father and the rest of his family have lived safely in Lebanon since Melhem's departure, even though his father was allegedly detained and physically abused for five days by Syrian forces in 1986, and his parents have traveled safely to and from the United States several times in recent years. Melhem attempts to explain his father's safety by arguing that the Syrian forces in Lebanon are only interested in young dissidents. Yet his brothers -- whom he listed as members of the Lebanese Forces in his application and affidavit -- have also remained safely in Lebanon. See Ouk v. Gonzales, 464 F.3d 108, 111 (1st Cir. 2006) (discounting applicant's fear of persecution where her family remained safely in

---

[4] Among other inconsistencies, Melhem testified that after he was detained and tortured in January 2000, he did not leave his parents' house again until July 2000, when he left for the United States. Yet on his application he had listed his school attendance as stretching from 1996 into 2001, a discrepancy noted by both the IJ and the BIA.

Cambodia and traveled to and from the United States); <u>Chahid Hayek</u>, 445 F.3d at 508-09 (sustaining finding of no likelihood of future persecution where applicant's parents and siblings had lived unharmed in Lebanon since her departure).  We agree with the BIA that the IJ reasonably concluded that Melhem failed to meet his burden of proof on his CAT claim.

We deny the petition for review.