# United States Court of Appeals

## For the First Circuit

No. 07-1166

SHERLY FERDINANDUS;
BERTY LUMENTUT,

Petitioners,

v.

ALBERTO GONZALES, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF A FINAL ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Howard, Circuit Judges.

Randall A. Drew for petitioner.
Kohsei Ugumori, Trial Attorney, Office of Immigration
Litigation, Peter Keisler, Assistant Attorney General, and Michelle
Gorden Latour, Assistant Director, for respondent.

September 27, 2007

**LYNCH**, **Circuit Judge**.  Petitioners Sherly Ferdinandus and Berty Lumentut, both natives and citizens of Indonesia, seek review of the denial of Ferdinandus's application for asylum and withholding of removal.  We deny the petition for review.

Ferdinandus and Lumentut, who married and had four children in Indonesia, entered the United States on Indonesian passports on August 26, 2000.  Their visitor visas expired on February 25, 2001.  Lumentut was served with a Notice to Appear in April 2003; Ferdinandus received her Notice to Appear that August.  Both conceded all allegations against them, but Ferdinandus filed an application for asylum and withholding of removal, claiming religious persecution, with her husband listed as a derivative beneficiary.

Ferdinandus and Lumentut have been active Christians, both in Indonesia and in the United States.  Ferdinandus claimed persecution based on her experience in the May 1998 Jakarta riots and the ongoing targeting of churches in Indonesia by Muslim extremists.  In her asylum application, Ferdinandus described how she watched the riots unfold on television.  In her hearing before the Immigration Judge ("IJ") on November 2, 2005, Ferdinandus testified that when she ventured out of her house, rioters stopped her car and asked "very rude and very angry" questions.  She believed she was stopped because a sticker on her car read, "Jesus is the way of life."  She was allowed to leave, however, after one

-2-

of her sons gave the men money. Additionally, Ferdinandus testified about witnessing looting, beatings, and the burning of buildings. She also testified, however, that while in Indonesia, she had always been able to go to church to worship and that she had been a leader of her church's women's group. She testified that she feared returning to Indonesia because extremists continue to burn churches, and she does not believe the government will provide adequate protection against such attacks.

The IJ issued his decision the same day, ruling that Ferdinandus's asylum application was time-barred and that she had not presented changed or extraordinary circumstances excusing her delay. See 8 U.S.C. § 1158(a)(2). He also determined that Ferdinandus did not qualify for withholding of removal, finding that she had demonstrated neither past incidents of persecution nor a likelihood of future persecution. He did grant voluntary departure.

The Board of Immigration Appeals ("BIA") affirmed the IJ's decision in a December 29, 2006, per curiam opinion. It agreed that Ferdinandus's asylum application was time-barred, that her experience during the Jakarta riots did not rise to the level of persecution, and that the fact that Ferdinandus's children still lived and worshiped safely in Indonesia indicated that Ferdinandus would not suffer persecution upon her return.

In her petition for review before this court, Ferdinandus challenges the timeliness finding and the finding that there is no "pattern or practice of persecution" of other Christians in Indonesia sufficient to establish a likelihood that Ferdinandus will be persecuted. See 8 C.F.R. § 208.16(b)(2).

As a preliminary matter, we lack jurisdiction over Ferdinandus's asylum application because the BIA's timeliness determination is not reviewable. 8 U.S.C. § 1158(a)(3); Awad v. Gonzales, 463 F.3d 73, 76 (1st Cir. 2006).

As for the withholding of removal claim, we review the BIA's decision in addition to those portions of the IJ's decision to which the BIA deferred. Chahid Hayek v. Gonzales, 445 F.3d 501, 506 (1st Cir. 2006). We accept the BIA's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). To qualify for withholding of removal, Ferdinandus must establish either that she suffered past persecution on account of her religion[1] or that it is more likely than not that she will suffer such persecution upon her return to Indonesia. 8 C.F.R. § 208.16(b); Chahid Hayek, 445 F.3d at 507.

---

[1] Establishing past persecution does not by itself justify withholding of removal, but creates a rebuttable presumption of future persecution, which is the required showing. 8 C.F.R. § 208.16(1).

-4-

The BIA reasonably concluded that Ferdinandus's experience during the Jakarta riots did not constitute persecution. It was an isolated incident without violence or detention. See, e.g., Awad, 463 F.3d at 76 (persecution is more than "mere harassment or annoyance" (quoting Aguilar-Solis v. INS, 168 F.3d 565, 570 (1st Cir. 1999)) (internal quotation mark omitted)); Sharari v. Gonzales, 407 F.3d 467, 474 (1st Cir. 2005). As the IJ noted, "the petitioner ha[d] never been arrested, detained, threatened, or put in harm's way by the Indonesian government or any of its agents on account of her religious beliefs." See Nikijuluw v. Gonzales, 427 F.3d 115, 121 (1st Cir. 2005) (persecution must be the result of the government's actions or inactions); Pieterson v. Ashcroft, 364 F.3d 38, 45 (1st Cir. 2004) (petitioner who was never "physically harmed, detained, or arrested" failed to demonstrate persecution). The IJ also noted that it was unclear whether Ferdinandus's car was stopped because of the sticker referring to Jesus or simply because the rioters wanted money. See Toloza-Jimenez v. Gonzales, 457 F.3d 155, 160 (1st Cir. 2006) (petitioner failed to establish past persecution when she did not show that her mistreatment was politically motivated); Pieterson, 364 F.3d at 44 ("[T]here was no proven nexus between the violence in Sierra Leone and Pieterson's ethnicity and

-5-

political beliefs."). Ferdinandus herself described the Jakarta riots as primarily targeting ethnic Chinese.[2]

The BIA also reasonably concluded that it was not "more likely than not" that Ferdinandus would be persecuted upon her return to Indonesia. 8 C.F.R. § 208.16(b)(2). It permissibly reasoned that the safety of Ferdinandus's children, who still live and attend church in Indonesia, undercuts Ferdinandus's argument that she will suffer persecution. See, e.g., Melhem v. Gonzales, ___ F.3d ___, 2007 WL 2404479, at *3 (1st Cir. Aug. 24, 2007); Ouk v. Gonzales, 464 F.3d 108, 111 (1st Cir. 2006); Chahid Hayek, 445 F.3d at 509. Further, the IJ noted that the Indonesian government is working to diffuse religious tensions and that the targeting of churches has been on the decline. There was thus no indication of a "pattern or practice of persecution" sufficient to establish any likelihood that Ferdinandus will be targeted upon her return.

The petition is denied.

---

[2] Ferdinandus claimed in her original application and affidavit that her daughter was raped and that the rape was also an incident of past persecution. This argument was not made before the IJ or BIA, but it would have failed for the same reasons: the alleged rape was private conduct not clearly connected to the family's religion.