# United States Court of Appeals

## For the First Circuit

No. 07-1837

FRANKIE SELA,

Petitioner,

v.

MICHAEL B. MUKASEY,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Tashima,[**] Senior Circuit Judge,
and Lipez, Circuit Judge.

Yan Wang on brief for petitioner.
Elizabeth A. Greczek, Office of Immigration Litigation, Peter
D. Keisler, Assistant Attorney General, and Barry J. Pettinato,
Assistant Director, on brief for respondent.

March 13, 2008

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Michael B. Mukasey has been substituted for former Attorney General
Alberto R. Gonzales.

[**]    Of the Ninth Circuit, sitting by designation.

**LYNCH**, **Circuit Judge**. Frankie Sela, a native and citizen of Indonesia, seeks review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

Sela entered the United States in October 2000 on a visitor visa, which expired in April 2001. Sela remained in the United States and was served with a Notice to Appear in April 2003. In a hearing before an Immigration Judge ("IJ") on May 3, 2005, Sela conceded removability but applied for asylum, withholding of removal, and CAT protection, claiming persecution on account of his Christian religion.

In support of this application, Sela testified before another IJ on January 20, 2006. He recounted rioting against Christians in Jakarta in May 1998, which frightened him and his family and might have resulted in some damage to his house. That June, Sela and his family moved to a safer area, but they encountered rioting there as well. They escaped harm on one occasion by hiding on the roof of their house. They moved again in June 1999, and during the five-day boat trip to their new domicile, a group boarded the vessel and harassed Christians onboard. Sela testified that two passengers identified as Christians were tortured and that one was thrown overboard. Between June 1999 and Sela's departure from Indonesia in October 2000, no further incidents occurred.

-2-

In an oral opinion issued the same day as the hearing, the IJ denied Sela's application for asylum and withholding of removal. He found the asylum petition time-barred, and while he deemed Sela's testimony credible, he faulted Sela for failing to provide sufficient corroboration. The IJ concluded that Sela failed to demonstrate any past or likely future persecution, pointing to the absence of presumably attainable corroboration and the lack of harm to him during these incidents. The IJ quickly disposed of the CAT claim because Sela had not asserted anything indicative of torture.

The Board of Immigration Appeals ("BIA") upheld the IJ's decision in a May 18, 2007 opinion. It affirmed the IJ's finding that the asylum application was time-barred, a determination that we lack jurisdiction to review. See 8 U.S.C. § 1158(a)(3). It noted that the incidents described by Sela did not rise to the level of persecution and were more indicative of general civil unrest in the country. The BIA summarily affirmed the IJ's ruling on the CAT claim.

Sela petitioned this court for review of the BIA's affirmance. Petitioner's arguments are not very clear, but even given a liberal reading, they do not present any grounds for review.

"When the BIA adopts the IJ's opinion and discusses some of the bases for the IJ's decision, we have authority to review

both the IJ's and the BIA's opinions." Ouk v. Gonzales, 464 F.3d 108, 110 (1st Cir. 2006); see also Ferdinandus v. Gonzales, 504 F.3d 61, 63 (1st Cir. 2007). We must accept the IJ's and BIA's findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

With respect to his claim for withholding of removal, Sela bears the burden of proving that his "life or freedom would be threatened in [Indonesia] on account of . . . [his] religion." 8 C.F.R. § 208.16(b). This requires demonstrating that it is "more likely than not" that he will be persecuted in the future based on his religion. Id. § 208.16(b)(2). A showing of past persecution creates a rebuttable presumption of future persecution. Id. § 208.16(b)(1)(i). In this case, the IJ and BIA reasonably found that petitioner had failed to establish past persecution or a clear probability of future persecution.

First, "isolated incident[s] without violence or detention" do not constitute persecution under the regulations. Ferdinandus, 504 F.3d at 63; see also Pieterson v. Ashcroft, 364 F.3d 38, 45 (1st Cir. 2004) (petitioner who was "never physically harmed, detained, or arrested" did not allege facts amounting to persecution). While petitioner and his family might have feared for their safety, no one was physically mistreated and any damage to their property was minimal. "[P]ast persecution requires that the totality of a petitioner's experiences add up to more than mere

-4-

discomfiture, unpleasantness, harassment, or unfair treatment." Nikijuluw v. Gonzales, 427 F.3d 115, 120 (1st Cir. 2005).

Second, the IJ and BIA reasonably concluded that petitioner had not demonstrated a likelihood of future persecution. At best, Sela has alleged general, sporadic violence toward Christians in Indonesia. This court has held that it is not enough to point to "general reports that some members of a certain group are persecuted in a country" to establish that petitioner himself is more likely than not to suffer such persecution upon his return. Melhem v. Gonzales, 500 F.3d 78, 82 (1st Cir. 2007); see also Awad v. Gonzales, 463 F.3d 73, 77 (1st Cir. 2006); Pieterson, 364 F.3d at 44. Members of Sela's family have also remained in Indonesia without incident. See, e.g., Ferdindandus, 504 F.3d at 63; Melhem, 500 F.3d at 82; Ouk, 464 F.3d at 111; Chahid Hayek v. Gonzales, 445 F.3d 501, 509 (1st Cir. 2006).

As for petitioner's CAT claim, he did not raise the issue on appeal to the BIA and has thus not exhausted his administrative remedies, precluding our review. Ouk, 464 F.3d at 111.

The petition for review is denied with respect to Sela's claim for withholding of removal and is dismissed for lack of jurisdiction with respect to his asylum and CAT claims.