Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1157

COLETTE MBOMY LIGOUSSOU; AUGUSTIN PAUL LIGOUSSOU,

Petitioners,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

Gina M. Gebhart, Bonnie S. McGuire, Heather S. Crall, and
Ropes & Gray LLP on brief for petitioners.
Greg D. Mack, Senior Litigation Counsel, Office of Immigration
Litigation, Gregory G. Katsas, Acting Assistant Attorney General,
Civil Division, Terri J. Scadron, Assistant Director, Office of
Immigration Litigation, on brief for respondent.

October 27, 2008

**PER CURIAM**.  Colette Ligoussou, of the Central African Republic ("CAR"), petitions for review of the denial of her application, filed for herself and her husband, for asylum, withholding of removal, and relief under the Convention Against Torture.

We do not repeat here the familiar legal structure for judicial review of such claims, which is set forth in numerous opinions of this court.  See, e.g., Kechichian v. Mukasey, 535 F.3d 15 (1st Cir. 2008).  It suffices to say Ligoussou must establish there was some material error of law by the immigration agency or that the evidence before the immigration agency compelled the granting of the relief she seeks.  We have reviewed the record and the arguments.

We start with Ligoussou's objection that her hearing before the Immigration Judge ("IJ") did not comport with the due process requirements of the Constitution.  The case started in Boston on March 30, 2005, and the hearing was continued to September 23, 2005, when the parties appeared, without objection, by tele-video conference.  In her petition, Ligoussou contends the conduct of the hearing by video conference itself violated due process, the hearing was conducted by a hostile IJ in a manner which prevented her from communicating her story, and that translation errors added to the problem.  There were, though, never any objections made to the IJ to this effect.  The Board of

-2-

Immigration Appeals ("BIA") correctly ruled that it is well settled that IJs may conduct video conferences to the same extent they conduct hearings with witnesses present. See 8 C.F.R. § 1003.25(c). The BIA rejected the other arguments that Ligoussou was deprived of a fair hearing. Our own review of the record confirms the BIA's view. As the BIA stated:

> Further, the Immigration Judge's insistence that the lead respondent testify chronologically, the nature of his questioning of the lead respondent, and his efforts to ensure the lead respondent's responsiveness to questions constituted the routine administration of court proceedings that did not offend principles of fundamental fairness, deprive the lead respondent of an opportunity to meaningfully present her case, or otherwise cause a deficiency in the record. See, e.g., Laurent v. Ashcroft, 359 F.3d 59, 62-63 (1st Cir. 2004).

We add there is nothing unfair in an IJ, especially one who has spent hours reviewing the written materials in a case, urging that the testimony of the petitioner get to the heart of the matter of persecution and proceed in a chronological fashion. The argument that Ligoussou's due process rights were violated fails.

Turning to the merits, the IJ supportably found that Ligoussou was not credible on a number of her statements in her account of why she feared persecution, and additionally found she lacked for corroborating evidence, although such evidence would not have been difficult to obtain. Colette Ligoussou was the only witness offered by petitioners. The lack-of-credibility finding

was based on direct contradictions and unexplained discrepancies in her testimony, and on observation of her demeanor. Our own review of the record confirms the BIA's upholding of the IJ's adverse credibility finding and that the inconsistencies were material and central to Ligoussou's claim. The declaration of her psychiatrist does not require a different outcome.

Because Ligoussou was not credible, it was entirely correct for the IJ to require her to provide corroboration. 8 C.F.R. § 1208.13. Corroboration was far from difficult, she had family in both France and the CAR in a position to verify her accounts of persecution, were they true. It was her choice not to call her husband as a witness.

Moreover, Ligoussou voluntarily returned to the CAR in April 2001 after the supposed persecution. She also left the CAR with government permission in November 2001. The record certainly does not compel the conclusion that she suffered persecution.

The BIA found that Ligoussou did not raise the issue of the IJ's denial of voluntary departure in her appeal of the IJ's decision. Since the BIA was correct in finding the issue had been waived, we are consequently precluded from addressing it. Sela v. Mukasey, 520 F.3d 44, 47 (1st Cir. 2008).

The petition is denied.

-4-