# United States Court of Appeals
## For the First Circuit

No. 06-1387

SAMATH PHEAK TUM,

Petitioner,

v.

ALBERTO R. GONZALES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Lipez, <u>Circuit Judges</u>.

<u>Paul C. Agu</u> on brief for petitioner.
<u>Peter Keisler</u>, Assistant Attorney General, Civil Division, <u>Greg D. Mack</u>, Senior Litigation Counsel, and <u>Robbin K. Blaya</u>, Office of Immigration Litigation, U.S. Department of Justice, on brief for respondent.

October 1, 2007

**LIPEZ**, **Circuit Judge**.  In this petition for review, Samath Pheak Tum contests the Board of Immigration Appeals' ("BIA") denials of her requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We lack jurisdiction to review the finding that her asylum application was untimely and, on her remaining claims, we deny the petition.

## I.

We provide here an overview of the relevant background information, elaborating as necessary in our analysis of the claims.  Tum was born on September 19, 1960 in Cambodia.  She is married, but her husband is missing, and her six children all reside in Cambodia.

While in Cambodia, Tum was politically active on behalf of the Sam Rangsi Party.  In March 1998, while she was advocating for her party at a market, she testified that soldiers pointed a gun at her and ordered her to cease her activities or she would be killed.  In September 1998, while she was participating in a demonstration demanding a recount of the ballots from a recent national election, the police hit her in the back with an electric baton.  Later that night, several police officers forced their way into her house, took her to the police station, pushed and interrogated her, and held her overnight.

Tum entered the United States on or about July 26, 2000, as a nonimmigrant with authorization to remain in the United States

until January 25, 2001. She stayed beyond that date without authorization from the Immigration and Naturalization Service. As a result, she was charged under 8 U.S.C. § 1227(a)(1)(B) and found removable as charged. She filed an application for asylum, withholding of removal, and protection under the CAT, claiming that she had a well-founded fear of persecution on the basis of her political opinion.

After a hearing on March 24, 2004, an immigration judge ("IJ") denied Tum's claims. He held that she was not eligible for asylum because her application was not filed within a year of her entry into the United States and no extraordinary circumstances warranted extending the deadline. With respect to her other claims, the IJ found that Tum was not credible based on inconsistencies between her application and her testimony, and furthermore found that she had failed to show that it was more likely than not that she would be subject to persecution or torture if she returned to Cambodia. Subsequently, the BIA adopted and affirmed the IJ's decision.

## II.

### A. Application for Asylum

The BIA denied Tum's application for asylum because it was untimely and there was no reason to excuse her from complying with the one-year filing deadline. Although Tum claims that her application for asylum was improperly denied, her brief does not

directly address the holding that she failed to meet the required deadline.

It is well established that issues "adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned." Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 734 (1st Cir. 1990). However, even if Tum had developed arguments to support her claim that her application was improperly denied, we lack jurisdiction to consider her claim. An applicant for asylum must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the [individual's] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An exception to the one-year filing deadline arises if the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." Id. § 1158(a)(2)(D). Finally, "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding whether an applicant for asylum has filed an untimely application or qualifies for an exception to the filing requirement. Id. § 1158(a)(3).

Here, the IJ and the Board both determined that Tum's asylum application was not timely filed and that she did not qualify for an exception to the filing deadline. Thus, we lack

-4-

jurisdiction to review these determinations.  See, e.g., Njenga v. Ashcroft, 386 F.3d 335, 338-39 (1st Cir. 2004).

## B. Other Claims

On review of a denial of a claim for withholding of removal or protection under the CAT, we will uphold the BIA's decision if it was "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)(quoting 8 U.S.C. § 1105a(a)(4)).  Where, as here, the BIA has adopted the IJ's credibility determinations, we are bound by those determinations unless "a finding that the alien is credible is compelled."  Chen v. Gonzales, 418 F.3d 110, 113-14 (1st Cir. 2005).

### 1. Withholding of Removal

To be eligible for withholding of removal, an applicant must demonstrate that, "upon deportation, [she] is more likely than not to face persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  Sharari v. Gonzales, 407 F.3d 467, 474 (1st Cir. 2005); see also 8 U.S.C. § 1231(b)(3)(A).  After a hearing, the IJ found that Tum was not credible and enumerated several specific inconsistencies to support this finding.  First, Tum offered different accounts of the political demonstration in her asylum application and her testimony.  In the application, she claimed that she had joined the protesters on September 9, 1998, and was beaten and arrested at her

-5-

home that day. In her testimony, however, she indicated that she participated in the demonstration for eighteen days and was beaten and arrested at the end of that period. A similar inconsistency arose in her description of the military officers who threatened her at gunpoint. In her application, Tum stated that she was threatened while leading a group of five campaign workers who were handing out "photos and flyers" in her neighborhood; at the hearing, however, she testified that it happened while she was campaigning for her party by talking to people and distributing party membership cards at a market. These inconsistencies are not inconsequential as they "involve matters important to petitioner's claims for relief," Pan v. Gonzales, 489 F.3d 80, 86 (1st Cir. 2007), and they provide a reasonable basis for the IJ's credibility determinations; we certainly are not compelled to find otherwise.

The IJ also found, and the BIA affirmed, that Tum was unlikely to face persecution if she returned to Cambodia. In particular, Tum remained in Cambodia for two years following the events she described without suffering further harm. Moreover, her six children currently reside in Cambodia and also have not suffered harm. In light of these findings and the IJ's credibility determination, we conclude that the BIA's determination that Tum was not eligible for withholding of removal was supported by substantial evidence.

## 2. Convention Against Torture

Under the CAT, an applicant must establish "'that it is more likely than not that [she] . . . would be tortured if removed'" to the country in question. <u>Sharari</u>, 407 F.3d at 475 (quoting 8 C.F.R. § 208.16(c)(2)). Torture is defined as the intentional infliction of severe pain or suffering for such purposes as forcing a confession or intimidating someone; the pain or suffering must be inflicted by the government, or with its acquiescence. <u>Id.</u> (citing 8 C.F.R. § 208.18(a)(1)).

As the discussion of the claim for withholding of removal demonstrates, Tum has not met her burden of establishing that it is more likely than not that she will be tortured by the government of Cambodia or its agent if she returns. Moreover, the current government of Cambodia consists of a coalition that includes Tum's party, which further diminishes the likelihood that she will be tortured upon her return. We conclude that the BIA's decision denying relief to Tum on the basis of the CAT was also supported by substantial evidence.[*]

---

[*] We wish to note that we are troubled by the deficiencies in the brief submitted on behalf of petitioner. The argument portion of the brief comprised less than four pages. There were no citations to the record. Succeeding with a petition for review in immigration cases is sufficiently challenging without the additional burden of poor legal representation. Counsel should not undertake representation in the future without a thoughtful and thorough effort to present petitioner's claims for relief.

## III.

For the foregoing reasons, we deny the petition for review.

**So ordered.**