# United States Court of Appeals
## For the First Circuit

No. 07-1850

JHON FREDY VALLEJO PIEDRAHITA,

Petitioner,

v.

MICHAEL B. MUKASEY,[*] ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Tashima,[**] <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Desmond P. FitzGerald</u>, on brief for petitioner.
<u>Yamileth G. HandUber</u>, Attorney, <u>M. Jocelyn Lopez Wright</u>, Assistant Director, Office of Immigration Litigation, <u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, U.S. Department of Justice, on brief for respondent.

April 28, 2008

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales.

[**]     Of the Ninth Circuit, sitting by designation.

**TASHIMA**, <u>Senior Circuit Judge</u>.  Petitioner Jhon Fredy Vallejo Piedrahita, a native and citizen of Colombia, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his application for asylum and withholding of removal.  Because Piedrahita fails to raise relevant issues in his opening brief and because the BIA's decision is supported by substantial evidence, we deny the petition.

I.

Piedrahita entered the United States on October 8, 2002 and timely applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on April 29, 2003.  On December 16, 2004, Piedrahita was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without admission or parole.  Piedrahita appeared before an Immigration Judge ("IJ") on November 3, 2005 and conceded removability.

During an evidentiary hearing on the same day, Piedrahita testified that he fled Colombia because he feared persecution at the hands of the Revolutionary Armed Forces of Colombia ("FARC").  He detailed the murders of his uncle, father, step-father, and mother, and alleged that FARC was behind the murders.  He described going into hiding after his mother's death and being shot at while in a FARC-controlled area of the city in which he lived.  Piedrahita further alleged that he and his brothers received

-2-

numerous threatening phone calls and letters from FARC. Piedrahita produced death certificates and Colombian country reports to corroborate his testimony.

In an oral decision and order rendered the same day, the IJ found Piedrahita's testimony not credible. First, she noted two significant omissions from his application. Piedrahita did not mention FARC in his asylum application or the supporting affidavit. Also missing was any account of Piedrahita being shot at by FARC members.

Second, the IJ detailed two inconsistencies between Piedrahita's testimony and previous statements in his application and before an asylum officer. Piedrahita told the asylum officer that his father was murdered during a robbery but testified before the IJ that his father was not robbed, but instead murdered by FARC. Piedrahita's testimony regarding his mother's murder was similarly inconsistent. In his asylum application, Piedrahita wrote that his mother was killed because she was going to identify his step-father's murderers. Before the IJ, however, Piedrahita testified that his mother was killed by FARC because of her community involvement.

Third, the IJ found that Piedrahita's testimony regarding the threatening phone calls and letters was too vague. Piedrahita never described the content of the calls or letters. Moreover, he could not explain why he did not either produce one of the letters

or an affidavit from one of his brothers describing the letters. Finally, the IJ questioned Piedrahita's account of being shot. She did not believe that Piedrahita would willingly enter a FARC-controlled area after FARC had murdered his family.

After making the adverse credibility finding, the IJ found that Piedrahita failed to establish the requisite fear of persecution and denied Piedrahita's application for asylum, withholding of removal, and relief under the CAT. Specifically, the IJ found that (1) the tragic deaths in Piedrahita's family were the "result of criminal lawlessness" and not on account of a protected ground, and (2) Piedrahita's allegations of threats and harm were not sufficiently supported by credible testimony or corroborative proof.

Piedrahita appealed the denial of asylum and withholding of removal to the BIA. He did not appeal the denial of relief under the CAT. The BIA found no clear error in the IJ's adverse credibility determination, finding that it was "supported by several material inconsistencies, vague and implausible testimony, and omissions which reached to the heart of the respondent's claim." In a per curiam order, the BIA recounted the problematic portions of Piedrahita's testimony and held that Piedrahita's incredible testimony could not support his claim for asylum and withholding of removal. The BIA dismissed Piedrahita's appeal, and Piedrahita timely petitions this court for review.

When, as here, "the BIA adopts the IJ's opinion and discusses some of the bases for the IJ's decision, we have authority to review both the IJ's and the BIA's opinions." Ouk v. Gonzales, 464 F.3d 108, 110 (1st Cir. 2006) (citing Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004)). We review a BIA denial of relief from removal in the form of asylum or withholding of removal under the deferential "substantial evidence" standard. We uphold the BIA's decision as long as it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Tum v. Gonzales, 503 F.3d 159, 161 (1st Cir. 2007) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). Where the BIA affirms an IJ's adverse credibility determination, we will uphold the determination unless the evidence compels a different result. Id. (citing Chen v. Gonzales, 418 F.3d 110, 113-14 (1st Cir. 2005)).

Under the Immigration and Nationality Act ("INA"), the Attorney General may grant asylum to refugees at his or her discretion. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is one who flees his or her country and is "unwilling or unable to avail himself or herself of the protection of[] that country because of persecution . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); see also

Ouk, 464 F.3d at 110-11.  The applicant bears the burden of proof to establish that he or she is a refugee.  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).

The BIA denied Piedrahita's asylum application primarily on the basis of the IJ's adverse credibility determination. Piedrahita's brief, however, addresses this dispositive issue in an incoherent and perfunctory manner.  It is well settled that "issues 'adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned.'" Tum, 503 F.3d at 160 (quoting Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 734 (1st Cir. 1990)).  Because "[j]udges are not expected to be mindreaders," United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (quoting Rivera-Gomez v. Castro, 843 F.2d 631, 635 (1st Cir. 1988)), "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones," id.

Piedrahita contends that "[t]he Immigration Court incorrectly arrived at an adverse credibility finding and the Board should have reversed that determination."  Beyond this general assertion, Piedrahita completely fails to address the substance of the BIA's adverse credibility determination.  Piedrahita mentions only one of the many omissions and inconsistencies cited by the BIA and the IJ as the basis for the finding.  He avers that in his

application for asylum and supporting affidavit the term "guerillas" was used as a proxy for FARC. However, even this single, spare allegation is completely unsupported by the record because the word "guerilla" appears nowhere in the application or affidavit.

The IJ and BIA listed many specific problems with Piedrahita's testimony in support of their adverse credibility determinations. Piedrahita challenged these well-reasoned orders with one patently false factual allegation. Such a challenge does not rise to the level of developed argumentation. Because "it is the obligation of one who appeals . . . to address the evidence," Mayes v. Chrysler Credit Corp., 37 F.3d 9, 12 (1st Cir. 1994), we hold that Piedrahita has abandoned his opposition to the adverse credibility determination.

An adverse credibility determination, however, does not always doom an application for asylum. Such a finding is only fatal if an applicant cannot meet his or her burden of proof without the incredible testimony. See Melhem v. Gonzales, 500 F.3d 78, 81 (1st Cir. 2007) (citing Pan v. Gonzales, 489 F.3d 80, 86 (1st Cir. 2007)). The BIA held that the adverse credibility determination was dispositive in Piedrahita's case. The evidence does not compel a different result. Without Piedrahita's testimony, the evidence amply supports the IJ's finding that the murders and threats to Piedrahita's family were the result of

general lawlessness in Colombia and not on account of a protected ground.

Piedrahita's claim for withholding of removal fares no better. Because Piedrahita cannot establish eligibility for asylum, he necessarily cannot establish eligibility for withholding of removal, which requires a higher showing of proof. Wang v. Mukasey, 508 F.3d 80, 85 (1st Cir. 2007) (citing Barrio-Barrera v. Gonzales, 460 F.3d 163, 168 (1st Cir. 2006)); Makhoul v. Ashcroft, 387 F.3d 75, 82 (1st Cir. 2004) ("[I]f an alien cannot establish asylum eligibility, his claim for withholding of [removal] fails a fortiori.").

We deny the petition for review.