NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1014
_____

JHI PAI CHEN-ZHU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094 924 065)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2011

Before:  FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed: February 23, 2011 )
_____

OPINION
_____

PER CURIAM

        Jhi Pai Chen-Zhu, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an

Immigration Judge's ("IJ") final order of removal, and denied his motion to remand.  We

1

will deny the petition for review.

II.

Chen-Zhu entered the United States without inspection in March 2007. He applied for asylum and related relief based on persecution related to China's population policies. He first claimed eligibility for relief based on the July 3, 2007 forced sterilization of his wife following the birth of a non-allowed second child, but case law changed during the pendency of proceedings,[1] so he attempted to show he was eligible for relief because he would be fined and would be persecuted for leaving illegally. Chen-Zhu first testified that he had been threatened in January 2007 with a 26,000 RMB fine if his wife did not appear for a checkup (this was when his wife was pregnant with the second child), but when the IJ tried to clarify the issue, Chen-Zhu stated he had never actually been fined. A.R. 146-50. He later stated that he feared if he returned to China, he would have to pay a fine because he had prevented officials from collecting the 26,000 RMB fine. A.R. 151. Chen-Zhu gave some conflicting testimony about whether he knew for a fact that the fine still existed. He stated that he had never received notice of a fine, nor had his wife. A.R. 158, 160-61. On the other hand, he testified that his wife told him that if the fine was not paid, the children would not get a certificate to attend

---

[1] See Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008) (spouse of person subjected to forced sterilization procedure not per se entitled to refugee status). Soon thereafter, this Court similarly held that an alien is not eligible for asylum based on the persecution of his spouse, but "an applicant can claim refugee status if he/she can demonstrate actual persecution for resisting a country's coercive family planning policy, or a well-founded fear of future persecution for doing so." Lin-Zheng v. Attorney General, 557 F.3d 147, 157 (3d Cir. 2009) (en banc).

school when they were older.  A.R. 171.  He also testified that he feared being jailed for having left China illegally.  A.R. 173.

The IJ found Chen-Zhu's testimony regarding the fine to be confusing, and noted that he "had a great difficulty testifying about the circumstances of that fine."  The IJ found Chen-Zhu was not "a credible and persuasive witness regarding whether a fine has indeed been assessed to him for violating the family policy, how that fine was assessed or the likely penalties that could be placed upon him for failing to pay it."  The IJ also found that Chen-Zhu had not established that he would be persecuted (as opposed to prosecuted) for leaving China illegally.  The IJ also found no evidence that Chen-Zhu would be tortured in China.

In his notice of appeal to the BIA, Chen-Zhu stated that the IJ "abused her discretion in making a negative finding for the respondent despite the fact that the respondent presented internally consistent testimony during his merits hearing and that the respondent was credible, specific, and persuasive; the [IJ's] negative credibility finding was not supported by the substantial evidence in the record."  A.R. 81  In his brief to the BIA, he argued that the IJ failed to consider that imposition of a substantial fine constituted persecution, and that the IJ erred by requiring him to produce evidence of the fine that was not available.  A.R. 9-19.  Chen-Zhu also sought a remand for consideration of additional evidence with regards to the fine.

The BIA found no clear error in the IJ's adverse credibility finding with regard to

Chen-Zhu's testimony about the fine.[2] The BIA stated that although the adverse credibility finding would be dispositive, it would also address Chen-Zhu's other arguments. The BIA noted that the IJ had indeed considered that a fine could constitute persecution, and had not unreasonably sought some corroborating evidence regarding the fine, specifically, a statement from Chen-Zhu's wife. The BIA addressed Chen-Zhu's motion for a remand, and noted that only three of the documents submitted were new. The BIA noted that one document, the statement from Chen-Zhu's wife, post-dated the IJ's decision, but that Chen-Zhu had not explained why he could not have obtained it earlier. The BIA also noted that Chen-Zhu did not explain why the notice of a fine could not have been obtained for the hearing below, and noted that a receipt showing the fine had been paid did not aid his case, as it appeared his "wife was able to pay the fine in full without difficulty within three days of receiving a notice to pay." The BIA dismissed the appeal and denied the motion for a remand. Chen-Zhu filed a timely, counseled petition for review.

## II.

We first consider the scope of our review. We have jurisdiction pursuant to section 242 of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1252]. Because the BIA independently assessed the record, we review only the BIA's decision. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). An alien must "raise and

---

[2] Although Chen-Zhu did not discuss the IJ's adverse credibility finding in his brief to the BIA, the BIA generously noted that the issue had been raised in the notice of appeal, and addressed the issue.

exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]. However, where the alien's notice of appeal to the BIA sets forth sufficient facts and law to inform the BIA of the basis of an issue on appeal, failure to address the issue in the alien's brief on appeal to the BIA does not strip this Court of jurisdiction to review the claim. Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir. 2009). We may thus review the adverse credibility finding, despite Chen-Zhu's failure to address the issue in his brief to the BIA. See also Lin v. Att'y Gen., 543 F.3d 114, 123 (3d Cir. 2008) (where BIA raises claim sua sponte, claim is considered exhausted for purposes of review in court of appeals).

We agree with the Government that Chen-Zhu has waived review of the BIA's decision denying his motion to remand. Chen-Zhu's sole mention of the remand issue is a passing reference at the beginning of his brief stating that he seeks to challenge the BIA's denial of his motion to remand, and a mention at the very end of the brief asking the Court to reverse the BIA's decision denying a remand. Petitioner's Brief at 11, 39. Such passing references are not sufficient to bring the issue before this Court. Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005); see also Vallejo Piedrahita v. Mukasey, 524 F.3d 142, 144-45 (1st Cir. 2008) ("it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones") (internal quotation and citation omitted). The Government similarly argues that Chen-Zhu has waived review of the BIA's corroboration finding because he failed to present any meaningful arguments

5

regarding the issue in his opening brief here. We need not reach the question of whether this argument is waived, because, as we explain, we find the adverse credibility finding dispositive of Chen-Zhu's claims.[3]

## III.

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum. Lin-Zheng, 557 F.3d at 157 (holding that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies). Based on the statutory definition of "refugee" under INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)], we concluded in Lin-Zheng that refugee status extends only to the individual who had been subjected to an involuntary abortion or sterilization procedure, had been persecuted for failing or refusing to undergo such a procedure, or had a well-founded fear of such persecution in the future. See id. at 156. Chen-Zhu does not acknowledge this holding in his brief. Nevertheless, he could still establish past persecution based on his own resistance to China's family planning policy. See id. at 157 (noting that spouses remain eligible for relief if they qualify as a refugee under INA § 101(a)(42) based upon their own persecution, or well-founded fear of persecution, for "other resistance" to a coercive

---

[3] Although Chen-Zhu argued to this Court in his motion for a stay of removal that he will be persecuted and fined for leaving China illegally, he did not raise the issue in

population control program). Chen-Zhu could potentially establish that his refusal to pay a fine imposed for the illegal birth of his second child constituted "other resistance," and could then prove that he was, or would be, persecuted as a result of that resistance. "Deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution." Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005). However, as noted, the IJ found that Chen-Zhu's testimony regarding a fine was not credible, and the BIA upheld that finding.

An adverse credibility finding is reviewed under the substantial evidence test, and must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting 8 U.S.C. § 1252(b)(4)(B)). To reverse an adverse credibility finding, the evidence of credibility must be so strong "that in a civil trial [the alien] would be entitled to judgment on the credibility issue as a matter of law." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Chen-Zhu states throughout his brief that he provided "consistent" testimony, and states that he "did not ever contradict his own answers nor . . . become unresponsive in any of the line of questioning posed by the IJ or the Government's attorney." Petitioner's Brief at 30. His statement is belied by the record. His testimony concerning the issue of whether a fine was imposed or threatened, when (if at all) it was imposed, and whether the Chinese government still expected him to pay it, was very confusing and contradictory. A.R. 146-71. We are not compelled to conclude that Chen-Zhu testified credibly. Because Chen-Zhu did not have corroborative evidence at the time of his

his brief; the issue is thus waived.

hearing, his failure to provide credible testimony regarding the fine is dispositive.

Because Chen-Zhu cannot satisfy the asylum standard, he cannot satisfy the more difficult withholding of removal standard.  See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003).  We further find no evidence in the record that he is likely to be tortured if he is returned to China.  For the above reasons, we will deny the petition for review.