**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1554

ROBSON ALVES FERREIRA,

Petitioner,

v.

LORETTA E. LYNCH,* Attorney General,*

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Thompson, and Barron,
Circuit Judges.

Nina J. Froes on brief for petitioner.
Lisa Morinelli, Trial Attorney, Office of Immigration Litigation, Joyce R. Branda, Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, Office of Immigration Litigation, on brief for respondent.

October 9, 2015

---

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as the respondent.

**THOMPSON**, **Circuit Judge**.    Petitioner Robson Alves Ferreira ("Alves Ferreira"), a native and citizen of Brazil, asks this Court to review a decision from the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for asylum.  For the reasons that follow, we deny Ferreira's petition for judicial review.

## BACKGROUND

In May 2002, Alves Ferreira entered the United States on a visitor visa, and then remained beyond the time the visa permitted.  In 2006, he got married, and the marriage lasted about two years.  After his marriage ended, Alves Ferreira learned that his wife, who was also a native of Brazil, had been working as an informant for Immigration and Customs Enforcement ("ICE"), and that she was providing information about Brazilians to ICE, which caused others in the Brazilian community to be angry at both of them.  On at least one occasion, a woman named Carmen threatened Alves Ferreira because of his wife's actions.

Eventually, in October 2008, Alves Ferreira himself was apprehended by ICE agent Craig DeLuzo.  According to Alves Ferreira, DeLuzo made a deal with him: if he provided information as to the whereabouts of certain Brazilian nationals of interest to ICE, DeLuzo would "help" him.  Alves Ferreira kept up his end of the bargain, and, as a result of information he provided, a woman named Ana Maria was deported to Brazil.  When Ana Maria's

- 2 -

nephew, Oziel, found out his aunt had been deported, he told Alves Ferreira that if he learned who had informed on his aunt, the informant would be killed upon return to Brazil. Alves Ferreira believed this death threat was serious because he knew Oziel to be involved in the drug trafficking trade and in the death of individuals in Brazil.

It is also around this time that Alves Ferreira's car was vandalized, he noticed people sitting in cars outside his home (on one occasion someone took a picture of his license plate), and he began to receive hang-up phone calls -- all of which he believed to be related to his activities as an informant. As a result, Alves Ferreira sought psychological care, and was diagnosed with depression and prescribed medication.

Meanwhile, despite the assistance he had provided ICE, removal proceedings continued against Alves Ferreira, with DeLuzo apparently unable or unwilling to do anything to help. Alves Ferreira conceded removability and sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

After granting several continuances for reasons not relevant to this appeal, the IJ held a hearing on February 2, 2012, at which Alves Ferreira, represented by counsel, was the sole

---

[1] He did not apply for voluntary departure.

- 3 -

witness. In addition to his testimony, Alves Ferreira submitted a news article and country conditions reports describing corrupt police practices in Brazil, photographs and records demonstrating the damage to his car, a restraining order he had taken out against his wife, and his mental health records.

The IJ issued an oral ruling at the hearing in which she did not make an adverse credibility finding against Alves Ferreira, but expressed "some doubts about the credibility of his testimony." Specifically, the IJ found it suspect that the submitted medical records reflected only depression associated with traumatic separation from his wife and concerns regarding his immigration status, and made no mention of the threats Alves Ferreira had received or his fears for his safety related to his role as an ICE informant. And, she noted, his original application for asylum made no mention of his cooperation with ICE.

The IJ then went on to deny asylum on these grounds: (1) that Alves Ferreira (who was not entitled to a presumption of future persecution because he conceded he had not suffered past persecution) had failed to meet his burden of establishing a well-founded fear of persecution on account of either political opinion[2] or membership in a social group, in that he had failed to identify

---

[2] Alves Ferreira did not raise this issue of his eligibility for asylum on account of political opinion in his appeal to the BIA, and does not raise it before this Court, so we say no more of it.

a viable social group; (2) that he had not met the government action element of his claim, as he had not made any showing that the private individuals he feared were in league with the government or not controllable by the government; and (3) that even if he had been able to corroborate his testimony, the single direct threat he testified to receiving was insufficient to form the basis of well-founded fear of persecution. Having denied asylum, the IJ also denied eligibility for withholding of removal, which is subject to a higher burden of proof, and denied protection under the CAT, as he had not demonstrated that he would be subject to torture by or with the acquiescence of a public official.

Alves Ferreira timely appealed the IJ's rulings on asylum and withholding of removal (but not the denial of protection under the CAT) to the BIA, which dismissed his appeal and affirmed the denials. In its review, the BIA "agree[d] with the [IJ] that even if the respondent satisfied the credibility and the corroboration requirements of the REAL ID Act, he did not meet his burden of proof to establish that he was persecuted, or faces a well-founded fear of future persecution . . . on account of his purported membership in a particular social group." By the way, the REAL ID Act of 2005 (the "REAL ID Act"), Pub. L. No. 109-13, 119 Stat. 302, concerns "among other things, the standards governing credibility determinations and the need for corroboration of testimony in asylum cases." Dhima v. Gonzales,

- 5 -

416 F.3d 92, 95 n.3 (1st Cir. 2005). The BIA also agreed with the IJ's determination that Alves Ferreira failed to establish a connection to government action or inaction, and that he had failed to show that the "private citizens" he feared are "either aligned with the government or that the government is unable or unwilling to control" them. The BIA affirmed the IJ's denial of withholding of removal. Finally, the BIA found no due process violation where the IJ initially stated the incorrect standard for asylum but later corrected the record to apply the correct standard.

This petition followed. Alves Ferreira's arguments on appeal can be distilled into two errors that he claims the BIA committed in denying his application for asylum:[3] first, that it should not have affirmed the IJ's ruling that he failed to establish membership in a social group; and second, that it should have found that his due process rights were violated when the IJ did not give him an opportunity to corroborate his testimony.[4] For

---

[3] Alves Ferreira raises no argument relating to the BIA's decision affirming denial of withholding of removal, and so has abandoned any challenge to that ruling.

[4] Alves Ferreira also again contends that the IJ made a legal error when she misspoke during her oral ruling and stated the incorrect burden of proof, an error she later corrected for the record. Specifically, he says that on the recording, the IJ said, "The respondent has not established that it is more likely than not that his life or freedom would be threatened on account of either of the grounds he identifies in his application." But to be eligible for asylum, applicants do not need to show that persecution is more likely than not, only that they have a well-founded fear of the event happening. See INS v. Cardoza-Fonseca,

the reasons below, both arguments fail, so we affirm the denial of asylum.

## DISCUSSION

### I. Standard of Review

We usually focus our review on the BIA's decision, but where "the BIA adopts portions of the IJ's findings while adding its own gloss, we review both the IJ's and the BIA's decisions as a unit." Chen v. Holder, 703 F.3d 17, 21 (1st Cir. 2012). This Court upholds decisions of the BIA with respect to asylum if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (citation omitted). Where the issue is whether the BIA was justified in finding that the petitioner failed to carry his burden of proof, review permits reversal "only if the petitioner's evidence would compel a reasonable factfinder to conclude that relief was warranted." Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004). Legal conclusions are reviewed de novo. Id.

---

480 U.S. 421, 440 (1987). On appeal, the BIA rejected Alves Ferreira's argument that this was reversible error, noting that the IJ had corrected herself soon after, that the transcript of the IJ's ruling reflects that she applied the correct burden of proof for asylum, and that, in any case, "the dispositive issue in this case is particular social group." We reject his arguments for the same reasons.

## II. Analysis

### A.  Social Group

We address the social group issue first.  An asylum applicant must prove that he is unable or unwilling to return to his country of nationality either due to past "persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[5]   8 U.S.C. § 1101(a)(42)(A); id. § 1158(b)(1)(B)(i).  Here, the IJ ruled that Alves Ferreira failed to identify a social group at all, and that, even if she assumed the group he intended to identify was informants cooperating with law enforcement, this would not be a viable social group under immigration law.

On appeal to the BIA, Alves Ferreira contended for the first time that his purported social group was not voluntary informants, but informants cooperating under duress, and argued that, despite his failure to designate it as his social group, as much should have been obvious to the IJ based on his written and oral testimony.  The BIA declined to consider this argument, explaining that Alves Ferreira "did not present, as was his burden,

---

[5] Alves Ferreira does not claim that he suffered past persecution, which gives rise to a rebuttable presumption of future persecution, so the burden in this case was on him to affirmatively prove a well-founded fear of future persecution based on one of the enumerated grounds. Palma-Mazariegos v. Gonzales, 428 F.3d 30, 34-35 (1st Cir. 2005).

this argument during his proceedings before the [IJ], and it therefore is waived on appeal." Alves Ferreira now wants us to remand the case back to the IJ for consideration so that he can better lay out his intended social group as those "known in the Brazilian community as an ICE informant, whose assistance, under duress, resulted in the deportation of at least one person to Brazil." We decline to do so because we find that the BIA was correct to find this argument waived. See Kechichian v. Mukasey, 535 F.3d 15, 21-22 (1st Cir. 2008) (finding no error where the BIA refused to address a claim that had not been properly raised before the IJ). It was Alves Ferreira's burden to identify the particular social group or groups in which he claimed membership, and he failed to meet this burden. The record indicates he never identified his particular social group in his asylum application, written affidavit, or testimony before the IJ.

Furthermore, the government argues, and we agree, that it does not matter whether the BIA erred in upholding the IJ's ruling on the social group issue because Alves Ferreira develops no argument challenging the IJ's additional ruling that he failed to establish any connection to government action or inaction -- an issue that is dispositive of whether asylum should have been denied. Recall that it was Alves Ferreira's burden to establish a well-founded fear of persecution on account of a protected category. Persecution "necessarily implies some connection to

government action or inaction," meaning that the government "must practice, encourage, or countenance it, or at least prove itself unable or unwilling to combat it."  Lopez Perez v. Holder, 587 F.3d 456, 461-62 (1st Cir. 2009) (citation omitted).  Here, the BIA affirmed the IJ's ruling that Alves Ferreira failed to establish such a connection to government action because he failed to establish that the private individuals he feared were either connected to the government or not controllable by the government, and Alves Ferreira does not appeal that ruling before this Court.

To the extent that Alves Ferreira addresses the government action issue in his petition, he does so only to make the pitch that the IJ's ruling on the government action issue was based on her social group ruling (which he contends was erroneous), and therefore should automatically be remanded along with it for reevaluation in light of a better-defined social group.  But he does not provide any argument or additional evidence to indicate a basis on which the IJ -- even if she found this new social group posited by him to be viable -- would find that the Brazilian government is unwilling or unable to protect informants cooperating under duress, as opposed to voluntary informants. Furthermore, although Alves Ferreira argues that the "country conditions reports submitted in this case made it clear that witnesses are not protected by the government," referencing reports of Brazil's problem protecting witnesses involved in

criminal cases, and "that police are corrupt and operate with impunity," he neither explains how he is such a "witness" in either iteration of his purported social group, nor has he articulated an argument for why he could not seek protection from the Brazilian government against private individuals like Oziel.[6]  We would thus be hard-pressed to read this as an appeal of the government action issue.  See Vallejo Piedrahita v. Mukasey, 524 F.3d 142, 144 (1st Cir. 2008) ("Issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned.") (citation omitted).  On that basis alone, then, we need go no further to uphold the BIA's decision affirming denial of asylum.

## B.   Due Process

As for Alves Ferreira's due process challenge, which we review de novo, see Ticoalu v. Gonzales, 472 F.3d 8, 11 (1st Cir. 2006), it also fails.  Alves Ferreira argues that the BIA should have found that the IJ violated his due process rights to a full and fair hearing by not giving him a chance to corroborate his testimony after stating in her oral ruling that, though she did not make an adverse credibility finding, she did not wholly believe his testimony.  But "before a petitioner in an immigration case may advance a procedural due process claim, he must allege some

---

[6] Oziel himself was deported to Brazil sometime during the pendency of the proceedings.

- 11 -

cognizable prejudice fairly attributable to the challenged process." Lattab v. Ashcroft, 384 F.3d 8, 20 (1st Cir. 2004). He does not do so here.

The IJ ruled, and the BIA affirmed, that even if Alves Ferreira had satisfied the credibility and corroboration requirements, he would still have been denied asylum because he failed to meet his burden of proof to establish either membership in a viable social group or that any persecution he feared was connected to a government action or inaction. Because he would have been denied asylum even if he had been given an opportunity to further corroborate his testimony, there is no cognizable prejudice and Alves Ferreira's attempt to raise a due process claim fails.

## CONCLUSION

For the reasons above, we deny the petition for judicial review.