# United States Court of Appeals
## For the First Circuit

No. 05-1069

KATE ASEMOTA,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Lynch, and Lipez, <u>Circuit Judges</u>.

<u>Sam Osagiede</u> and <u>Sam Osagiede & Associates</u> on brief for petitioner.
<u>Jennifer C. Boal</u>, Assistant United States Attorney, and <u>Michael J. Sullivan</u>, United States Attorney, on brief for respondent.

August 25, 2005

**LYNCH**, **Circuit Judge**. This is a petition for review of a December 17, 2004 order of the Board of Immigration Appeals (BIA) denying a motion under 8 C.F.R. § 1003.2 to reconsider its order of July 15, 2004. The July 15 order affirmed and adopted an Immigration Judge's (IJ's) decision denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In addition, the July 15 order affirmed the IJ's decision not to grant a continuance, rejected the claim that the IJ had not given petitioner an impartial and fair hearing, and noted that evidence proffered to the BIA on appeal was neither new nor previously unavailable. The BIA refused to revisit the July 15 decision, stating in its December 17 order that petitioner had not met the requirements for a motion to reconsider. Because the December 17 order did not constitute an abuse of discretion, we deny the petition for review.

## I.

Petitioner Kate Asemota is a native and citizen of Nigeria. In February 2002, she applied for asylum, withholding of removal, and relief under the CAT. In April of that year, the former INS[1] initiated removal proceedings against Asemota. On the very day the hearing on asylum and removal was to occur, Asemota

---

[1]  On March 1, 2003, the relevant functions of the INS were transferred to the Department of Homeland Security, and the INS subsequently ceased to exist. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified as amended at 6 U.S.C. § 291(a)).

-2-

requested a continuance.  The IJ denied this request and denied Asemota's application for relief.

Asemota timely appealed to the BIA, which adopted and affirmed the IJ's decision.  Asemota then timely filed a motion for reconsideration of that order.  On December 17, 2004, the BIA denied that motion.  This timely petition for review of the BIA's denial of the motion to reconsider followed.

## II.

Asemota makes some arguments that could be construed as an attempt to attack the BIA's July 15, 2004 order.  She failed to timely petition for review of that order, so we lack jurisdiction to review it.  See 8 U.S.C. § 1252(b)(1) (petitions for review of final orders of removal must be filed within 30 days); Ven v. Ashcroft, 386 F.3d 357, 359-60 (1st Cir. 2004) ("A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation; in immigration cases the time to appeal denial orders continues to run despite the filing of motions to reopen or reconsider the denial of asylum, withholding of removal, and protection under the CAT.").  Thus, the only issue before us is the denial of the motion to reconsider.

Under 8 C.F.R. § 1003.2, a party filing a motion to reconsider must "specify[] the errors of fact or law in the prior Board decision" and must support the claim of error with "pertinent

authority." 8 C.F.R. § 1003.2(b)(1). Under BIA precedent, a party filing a motion to reconsider must present additional legal arguments, a change of law, or an argument or aspect of the case that was overlooked. See Matter of Cerna, 20 I. & N. Dec. 399, 403 n.2 (BIA 1991).[2] Even if the prerequisites for reconsideration are met, the BIA has discretion to deny the motion. 8 C.F.R. § 1003.2(a).

Our review of the BIA's denial of petitioner's motion to reconsider is for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Ven, 386 F.3d at 360. We will find an abuse of discretion only where the "the denial was made without a 'rational explanation, inexplicably departed from established policies, or rested on an impermissible basis' (such as race)." Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003) (quoting Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001) (internal quotation marks omitted)).

We have reviewed the arguments made by Asemota in her motion to reconsider before the BIA. Asemota urged the BIA to

---

[2] In her brief to this court, petitioner nowhere challenges the three-pronged test applied by the BIA in deciding whether to grant her motion to reconsider. Rather, she argues that the BIA "failed to adhere to its own precedents, and did not provide any reasoning for departing from those policies and precedents." The BIA clearly applied its own precedent, Matter of Cerna, in denying the motion to reconsider. The BIA has applied this same three-prong test in other cases. See Sousa v. Ashcroft, 393 F.3d 271, 274-75 (1st Cir. 2005). As there was no departure from precedent and petitioner has not challenged that precedent, the only question is whether the BIA abused its discretion in the manner in which it applied the requirements. As we explain in the text, it did not.

reconsider two things: first, its affirmance of the IJ's denial of the continuance, and second, its refusal to reverse the IJ's asylum decision on the grounds of the IJ's "combative role." The BIA denied Asemota's motion on the ground that it met none of the prerequisites for the granting of a motion to reconsider. We agree.

As to the denial of the continuance, Asemota's motion fails to satisfy any of the three requirements embodied in BIA precedent and not challenged by petitioner: first, it does not present additional legal arguments, but merely reiterates ones made in petitioner's earlier appeal to the BIA; second, it does not mention any change of law; and third, it does not suggest that any argument or aspect of the case was overlooked. There was thus no abuse of discretion in the BIA's denial of the motion to reconsider.

The "combative role" claim fails for similar reasons. This portion of the motion fails the BIA's unchallenged three-prong test for motions to reconsider: first, at most Asemota reargued previously argued points; second, she mentioned no change of law; and third, she did not suggest that any argument or aspect of the case was overlooked. Asemota's motion to reconsider highlights portions of the transcript that in her view showed improper conduct by the IJ, but the BIA had thoroughly addressed the "combativeness" issue -- and the lack of support for it in the record -- in its

July 15, 2004 decision.  Therefore, as with the continuance issue, there was no abuse of discretion in the BIA's denial of the motion to reconsider.

Asemota's attempts in her brief to this court to present a new claim that "the BIA interfered with [her] right to a reasoned opinion" are unexhausted, and so not before us, and in any event frivolous.

**III.**

We **deny** the petition for review.