# United States Court of Appeals
## For the First Circuit

No. 07-1307

MARY JANE LUMANAUW,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Randall A. Drew and Law Offices of Mona T. Movafaghi, PC on
brief for petitioner.
Peter D. Keisler, Acting Attorney General, Leslie McKay,
Senior Litigation Counsel, and Angela N. Liang, Trial Attorney, on
brief for respondent.

December 7, 2007

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Michael B. Mukasey has been substituted for former Attorney General
Alberto R. Gonzáles as the respondent herein.

**CYR, <u>Senior Circuit Judge</u>**. In 2001, Mary Jane Lumanauw, a citizen and national of Indonesia, entered the United States, remained illegally after the expiration of her temporary visa, was placed in removal proceedings, conceded removability, and filed an asylum and withholding-of-removal application based on her allegations that she had been persecuted in Indonesia because she is a Christian. Specifically, petitioner alleged that in October 1999, her ex-fiancé – a Muslim – had threatened to kill her and kidnap their minor daughter Sasha. Three days later, three men wearing military uniforms came to the petitioner's house asserting the same demands. In December 2000, petitioner's ex-fiancé arrived at the house to get Sasha, but left without incident. Petitioner reported the incident to the police, who informed the petitioner's father that "they had other serious matters to take care [of]." Petitioner contends that most police officers are Muslim, and that they refused to assist her because she is a Christian. After leaving Sasha with her parents, petitioner departed for the United States. Her parents and Sasha followed one year later.

After conducting an evidentiary hearing, the immigration judge (IJ) credited petitioner's testimony, but denied her asylum application as untimely, in that it was filed more than one year after her arrival in the United States. Petitioner does not request review of this ruling. <u>See</u> <u>Tum</u> v. <u>Gonzales</u>, 503 F.3d 159, 160 (1st Cir. 2007) (noting that we lack jurisdiction to review a

denial of an asylum application for untimeliness, citing 8 U.S.C. § 1158(a)(3)). With respect to the petitioner's application for withholding of removal, the IJ held that the petitioner failed to meet her burden to prove a likelihood of future persecution upon her return to Indonesia, in that (i) her ex-fiancé's threats were motivated by his legitimate parental interest in Sasha, and not by any professed oppugnancy to the petitioner's Christian beliefs; (ii) the record contained no evidence to support the petitioner's bald assertion that the police refused to protect her because she was a Christian; and (iii) the petitioner eventually evaded further confrontations with her ex-fiancé by relocating from Manado to Jakarta. On appeal, the BIA summarily affirmed the IJ's ruling.

In her petition for review, Lumanauw contends that the denial of her withholding application is erroneous because the administrative record compels a finding that it is more likely than not that she would be threatened by her ex-fiancé and the police on account of her Christian beliefs were she repatriated to Indonesia. See id. § 1231(b)(3)(A); Sunoto v. Gonzales, 504 F.3d 56, 60 (1st Cir. 2007) (noting that "we use the deferential substantial evidence standard for factual findings . . . [and will] 'uphold the BIA's decision "unless any reasonable adjudicator would be compelled to conclude to the contrary"'") (citations omitted). We do not agree.

The record contains no conclusive evidence that

-3-

petitioner's ex-fiancé's actions were motivated to any extent by petitioner's Christian beliefs. See Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003) (noting that aliens "must provide 'conclusive evidence' that they were targeted based on one of the five asylum grounds") (citation omitted). As the IJ aptly noted, her ex-fiancé mentioned her religion only once, threatening that, if petitioner chose not to surrender the custody of Sasha to him, he could harm her with impunity by arranging it to appear as though her injuries had resulted from a random act of religious violence. The IJ fairly inferred, therefore, that this was essentially a child custody battle between estranged parents, and one which likely would have occurred even if petitioner had been a Muslim. See, e.g., Silva v. Ashcroft, 394 F.3d 1, 6 (1st Cir. 2005) (noting that withholding of removal cannot be premised on what is "essentially a personal dispute," unrelated to animus toward one of five protected statutory classes [e.g., a religious group]) (emphasis added); Romilus v. Ashcroft, 385 F.3d 1, 6 (1st Cir. 2004) (same). As the IJ's finding is amply supported by substantial record evidence, we deny the petition for review.

**Denied**.