Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 07-1308

BABY IRENE LUMANAUW,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lipez and Howard, Circuit Judges,
and Gelpi,[**] District Judge.

Randall A. Drew and Law Offices of Mona T. Movafaghi, PC on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, and Angela N. Liang, Trial Attorney, on brief for respondent.

December 21, 2007

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzáles as the respondent herein.

[**]Of the District of Puerto Rico, sitting by designation.

**Per Curiam**.  We recently denied a petition for review brought by Mary Jane Lumanauw, see Lumanauw v. Mukasey, No. 07-1307 (1st Cir. Dec. 7, 2007), a citizen of Indonesia who is the sister of Baby Irene Lumanauw, the petitioner in this case.  Both women applied for asylum, pursuant to 8 U.S.C. § 1158, and withholding of removal, pursuant to 8 U.S.C. § 1231(b)(3).  Mary Jane's case was consolidated with Baby Irene's case before the immigration judge ("IJ"), who issued an oral decision rejecting both sisters' claims.  The Board of Immigration Appeals affirmed the IJ's decision as to both women.

To qualify for asylum, an applicant must demonstrate that she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A).[1]  Although Mary Jane's asylum claim was time-barred, Baby Irene arrived in the United States somewhat later and her claim is not time-barred.  It is based on threats made over the telephone and at her school by people looking for Mary Jane and Mary Jane's daughter, Sasha.  Baby Irene testified that she was never directly threatened, but that she feared that Kastanya, a Muslim man who is Sasha's father, would

---

[1]The standard for withholding of removal is more stringent. Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003).  Accordingly, the failure of a petitioner's asylum claim forecloses her claim for withholding of removal.

continue to threaten her sister and her whole family if they returned to Indonesia. She testified that the police could not protect them because they are Christian. As we noted in Mary Jane's case, "[t]he IJ fairly inferred . . . that this was essentially a child custody battle between estranged parents, and one which likely would have occurred even if petitioner had been a Muslim." Lumanauw, slip op. at 4. Moreover, no one ever threatened any direct harm against Baby Irene. Accordingly, the IJ reasonably concluded that Baby Irene had "failed to establish that in fact a reasonable person in her circumstances would have a basis to fear that harm would be inflicted." Finding substantial evidence on the record to support this conclusion, we deny the petition for review.

**Denied**.