# United States Court of Appeals
## For the First Circuit

No. 07-1738

BENJAMIN FRANSISKUS TANDAYU,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,[*]

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Howard,
<u>Circuit Judges</u>.

<u>David J. Rodkin</u> on brief for Petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, <u>Mary Jane Candeux</u>, Assistant Director, and <u>Jule Pfluger</u>, Trial Attorney, on brief for respondent.

March 27, 2008

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzáles as the respondent herein.

**LIPEZ**, **Circuit Judge**. We are reviewing the denial by the Board of Immigration Appeals ("BIA") of petitioner Benjamin Fransiskus Tandayu's second motion to reopen a removal proceeding. The BIA concluded that the additional evidence submitted by Tandayu in support of this motion did not establish a change of conditions in Indonesia, his country of origin. We reject the petitioner's assertions that the BIA abused its discretion and deny the petition for review.

## I.

Tandayu, a native and citizen of Indonesia and a practicing Catholic, was admitted to the United States as a nonimmigrant visitor on October 10, 1998, and proceeded to overstay his visa. Pursuant to 8 U.S.C. § 1227(a)(1)(B), the former Immigration and Naturalization Service ("INS") initiated removal proceedings against Tandayu and served him with a Notice to Appear ("NTA") on April 24, 2003. At a hearing before an Immigration Judge ("IJ") on November 5, 2003, Tandayu admitted the factual allegations in the NTA, conceded removability and applied for asylum, withholding of removal, protection under the Convention Against Torture ("CAT") and, alternatively, voluntary departure. He claimed past religious persecution as a Catholic and a well-founded fear of persecution should he return to Indonesia.

On September 27, 2005, the IJ found that Tandayu's application for asylum was untimely and that he failed to qualify

-2-

for an exception to the time bar.  The IJ also found that his applications for withholding of removal and CAT relief failed to state a claim for relief.[1]  The IJ granted Tandayu voluntary departure.

On October 24, 2005, petitioner timely appealed the IJ's decision to the BIA.  The BIA also found that the petitioner had failed to prove past persecution or that he would be more likely than not to face persecution or torture if returned to Indonesia. The BIA established that Tandayu had to voluntarily depart within sixty days of the date of the order, November 30, 2006.  Petitioner did not seek judicial review of the BIA's decision.

Almost a month later, on December 26, 2006, petitioner filed his first motion to reopen removal proceedings.  Although titled "Motion to Reconsider the Appeal," the motion was in fact a request to consider materials which suggested that the conditions in Indonesia had worsened, especially for Christians.[2]

---

[1] To qualify for withholding of removal, an applicant must demonstrate that, "upon deportation, he is more likely than not to face persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Sharari v. Gonzales, 407 F.3d 467, 474 (1st Cir. 2005); see 8 U.S.C. § 1231(b)(3)(A).  The standard under CAT is more stringent because an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country." 8 C.F.R. § 1208.16(c)(2); see Hana v. Gonzalez, 503 F.3d 39, 44 (1st Cir. 2007).

[2] A motion to reconsider does not raise new facts or present new evidence, but merely asserts that the BIA erred as a matter of law or fact in its initial determination.  See Zhang v. INS, 348 F.3d 289, 292-93 (1st Cir. 2003).  Compare 8 C.F.R. § 1003.2(c)

Specifically, Tandayu included or referenced three documents issued by the U.S. Department of State, including (1) a November 18, 2005 travel warning for Indonesia, (2) an International Religious Freedom Report 2005 for Indonesia, and (3) a Country Report on Human Rights Practices for Indonesia 2005. The latter two documents were referenced in Tandayu's affidavit. The BIA denied petitioner's motion on February 7, 2007, noting that the information presented was unlikely to change the result in the case.

The following month, on March 5, 2007, petitioner filed a second motion to reopen the removal proceedings, again styled as a motion to reconsider. The second motion included a new affidavit that cited the same country report he referenced in the first motion and new evidence, in the form of two recent internet articles, to support his claim that conditions in Indonesia had deteriorated.[3] The BIA denied the second motion on April 13, 2007, finding that "the internet articles submitted do not establish a

_____

(establishing the requirements for a motion to reopen) with 8 C.F.R. § 1003.2(b) (establishing the requirements for a motion to reconsider).

[3] The first Internet article included by petitioner, dated January 24, 2007 and entitled, "Indonesia's Infamous Poso Area Deteriorates Further, Bomb Planted at Church," is available at http://www.persecution.org/suffering/newsdetail.php?newscode=4433. The second article, dated February 27, 2007 and entitled, "Indonesia not doing enough against terrorism and Jemaah Islamiyah threat," is available at http://www.asianews.it/index.php?l=en&art=8602&size=A.

-4-

worsening of conditions in Indonesia, on a countrywide basis, to the extent that the respondent now has prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture."[4]  Tandayu now appeals this BIA decision.[5]

## II.

Because motions to reopen removal proceedings "are disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings,'" Raza v. Gonzalez, 484 F.3d 125, 127 (1st Cir. 2007) (quoting Roberts v. Gonzalez, 422 F.3d 33, 35 (1st Cir. 2005)), we review the BIA's denial of such motions solely for an abuse of discretion, Lemus v. Gonzales, 489 F.3d 399, 401 (1st Cir. 2007).  The BIA's decision is upheld "unless the complaining party can show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way."  Raza 484 F.3d at 127.

Further, motions to reopen are limited both temporally and numerically.  An alien normally may file only one motion to

---

[4] The BIA improperly characterized petitioner's motion in its April 13, 2007 decision as a motion to reconsider.  Nevertheless, the BIA noted that to the extent petitioner's motion was one to reopen removal proceedings, that claim failed because Tandayu did not establish a change of conditions in Indonesia.

[5] Although petitioner also challenges the IJ's asylum determination, we lack jurisdiction to review the IJ's conclusions with respect to the statutory time bar.  8 U.S.C. § 1158(a)(3); see Tum v. Gonzalez, 503 F.3d 159, 160-61 (1st Cir. 2007).  Therefore, we interpret his motion to reopen as applying only to his withholding of removal and CAT claims.

reopen a removal proceeding, and must do so within ninety days of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2); see also 8 U.S.C. § 1229a(c)(7)(A), (C)(i). These limitations are relaxed only if a petitioner "makes a convincing demonstration of changed conditions in his homeland." Raza, 484 F.3d at 127; see 8 C.F.R. § 1003.2(c)(3)(ii). "Th[e] changes . . . must be material to the underlying substantive relief that the alien is seeking," Raza, 484 F.3d at 127, and the new evidence must "establish a prima facie case sufficient to ground . . . claim[s] of eligibility for the underlying substantive relief," which, in this case, are withholding of removal and CAT relief, id. at 127-28. Because petitioner's current motion is his second to reopen, his claim is numerically barred. However, he argues that he has overcome this bar with a showing of changed conditions.

In support of his assertion that the BIA abused its discretion, Tandayu cites the aforementioned articles depicting violence and terrorist activity in Indonesia. The first is dated January 24, 2007 and describes two episodes of religious violence that occurred in Poso, a region in Central Sulawesi, during the weeks immediately proceeding the publication of the article. The article also notes that similar bombings and attacks had occurred in Poso for the past three years and that Indonesian police and armed forces are working to quell the violence in that area.

The second article he cites is dated February 27, 2007 and reports on the previous day's testimony of a United States professor, Zachary Abuza, at an Australian conference. According to the article, Professor Abuza stated that the Indonesian government must do more to stop the activities of the terrorist group Jemaah Islamiyah, which has gained public support across the region. Other than this general reference to the growth of the Jemaah Islamiyah, the article does not explain how conditions have deteriorated in Indonesia. Further, it records Professor Abuza as acknowledging that the Indonesian government has arrested many Jemaah Islamiyah members.

Given such evidence, there was no abuse of discretion in the BIA's rejection of the second motion to reopen. Instead of establishing changed conditions, the evidence merely confirmed the ongoing nature of the religious conflict in Indonesia since 2002, not its intensification. The articles and references to the U.S. Department of State reports echoed materials that were previously presented before the IJ and the BIA. Tandayu had already provided U.S. Department of State Country Reports on Human Rights noting that the number of attacks on churches, including arson, vandalism, shootings, and forced closures, had increased from seven in 2003 to ten in 2004. Moreover, the petitioner offered no link between the general state of continuing violence in Indonesia and his own individualized risk of harm. See Melhem v. Gonzalez, 500 F.3d 78,

82 (1st Cir. 2007) ("[G]eneral reports that some members of a certain group are persecuted in a country do not establish that it is more likely than not that the applicant himself will suffer persecution upon his return.").

We deny the petition for review.