# United States Court of Appeals
## For the First Circuit

No. 13-1237

FRITZ JUNIOR DONNEE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Stephen A. Lagana, Stephen A. Pegnam and Law Offices of Stephen A. Lagana on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Shelley R. Goad, Assistant Director, and Nancy K. Canter, Trial Attorney, on brief for respondent.

May 9, 2014

**HOWARD, Circuit Judge**. Petitioner Fritz Junior Donnee, a native and citizen of Haiti, seeks review of a decision by the Board of Immigration Appeals (BIA), which dismissed his appeal of an Immigration Judge's denial of his request to reopen removal proceedings. Finding no error, we deny the petition.

## I.

In 1995, Donnee was temporarily paroled into the United States from Haiti for a period not to exceed two years. See 8 U.S.C. § 1182(d)(5) (authorizing temporary parole for urgent humanitarian reasons or significant public benefit). Donnee overstayed. In March 2009, after he had been charged with several state criminal violations, the Department of Homeland Security (DHS) served him with a Notice to Appear, charging him with removability. Donnee admitted the allegations in the Notice and conceded the charge of removability at an immigration court hearing in July 2009. A few months later, he sought an adjustment of status based on a petition for alien relative submitted by his wife. After several continuances, a hearing was scheduled for early December 2010. Neither Donnee nor his attorney appeared at the hearing, and the Immigration Judge (IJ) ordered Donnee, in absentia, removed to Haiti.

Through counsel, Donnee timely filed a motion to reopen the proceedings. The ostensible basis for his motion was that DHS had granted him Temporary Protected Status (TPS) on December 13,

2010, and he was thus no longer removable and at a minimum his case should be administratively closed.[1] The IJ denied the motion, observing that TPS "grants only temporary relief from removal and does not make a recipient admissible." (citing Matter of Sosa Ventura, 25 I & N Dec. 391, 392-93 (BIA 2010)). The IJ continued, "Although the Respondent is protected from the execution of the removal order while his registration in TPS is in effect, he remains removable as charged. . . . Accordingly, the respondent's receipt of TPS is not a material change justifying reopening his case . . . ." The IJ also rejected Donnee's argument that his TPS status warranted reopening the case so that the proceedings could be administratively terminated. (citing Matter of Sosa Ventura, 25 I & N Dec. at 396). The BIA dismissed Donnee's subsequent appeal, employing the same rationale that the IJ had.

## II.

A "denial of a motion to reopen will be upheld 'unless the complaining party can show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational way.'" Tawadrous v. Holder, 565 F.3d 35, 38 (1st Cir. 2009) (quoting Tandayu v. Mukasey, 521 F.3d 97, 100 (1st Cir.

---

[1] In January 2010, pursuant to 8 U.S.C. § 1254a, the Secretary of Homeland Security designated Haiti for TPS following a serious earthquake. 75 Fed. Reg. 3476-02 (January 21, 2010). After being extended several times, that status is currently scheduled to expire on January 22, 2016. See Extension of the Designation of Haiti for Temporary Protected Status, 79 Fed. Reg. 11808 (March 3, 2014).

-3-

2008)).  In conducting this review, we accept the BIA's findings of fact, "as long as they are supported by substantial evidence," and we review legal conclusions de novo.  Smith v. Holder, 627 F.3d 427, 433 (1st Cir. 2010).  Withal, "[m]otions to reopen removal proceedings are disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings.'"  Guerrero-Santana v. Gonzalez, 499 F.3d 90, 92 (1st Cir. 2007) (quoting Raza v. Gonzalez, 484 F.3d 125, 127 (1st Cir. 2007)).

Donnee argues that the BIA committed legal error when it refused to reopen his removal proceedings so that they could be administratively closed based on his grant of TPS.  An applicant seeking to reopen proceedings must demonstrate a prima facie case of eligibility for the relief sought by introducing material evidence that was unavailable at the prior hearing.  Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013).  Here, although Donnee did not receive his TPS notice until after the hearing (which he did not attend), the BIA correctly ruled that TPS only served to prevent execution of the removal order in any event; it did not affect the validity of the order.  See Guerrero v. Holder, 667 F.3d 74, 79 n.6 (1st Cir. 2012) ("Although TPS does not preclude the initiation of deportation proceedings or the entry of an order of removal, it does prohibit such an order from being executed during

-4-

the pendency of the designation.").  That ends the matter.  As we find no error, the petition for review is **<u>denied</u>.**[2]

---

[2] Donnee argues, in part, that the BIA may have improperly required him to first show an entitlement to recission of the in absentia order before he would be eligible to have his case reopened.  We discern no such requirement in the BIA order, either explicit or implied.