**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1926

DOROWAA APPIAH,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, <u>Chief Judge</u>,
Thompson and Kayatta, <u>Circuit Judges</u>.

    <u>William P. Joyce</u> and <u>Joyce & Associates P.C.</u> on brief for petitioner.
    <u>Andrew B. Insenga</u>, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, <u>Benjamin C. Mizer</u>, Principal Deputy Assistant Attorney General, Civil Division, and <u>Douglas E. Ginsburg</u>, Assistant Director, Office of Immigration Litigation, on brief for respondent.

October 18, 2016

**KAYATTA**, **Circuit Judge**.  In 2002, Dorowaa Appiah ("Appiah") entered the U.S. with a visa procured as the derivative of a diversity visa obtained by her then-husband, Wilberforce Appiah ("Wilberforce").  The Department of Homeland Security ("DHS") eventually figured out that Wilberforce was an alter ego created by David Mensah ("Mensah") after he naturalized in 2001. In brief, Mensah created the fake identity, secured a fraudulent visa in Wilberforce's name, and then used that visa to obtain a visa for Appiah.

DHS subsequently charged Appiah with removability under 8 U.S.C. § 1227(a)(1)(A) for not being in possession of a valid visa at the time of her entry.  In opposition, Appiah filed an affidavit claiming that she did not know Mensah and that it was not until after her naturalization interview that she learned of the identity fraud.  Her visa application from 2001, however, listed Mensah not only as the person she would be living with at her permanent address but also as her visa sponsor.  Appiah further sought relief under the waiver provision of 8 U.S.C. § 212(k), which states:

> Any alien, inadmissible from the United States under paragraph (5)(A) or (7)(A)(i) of subsection (a) of this section, who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that inadmissibility was not known to, and could not have been ascertained by the exercise of

- 2 -

reasonable diligence by, the immigrant before the time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory or, in the case of an immigrant coming from foreign contiguous territory, before the time of the immigrant's application for admission.

The immigration judge ruled against Appiah on both grounds. Specifically, the judge found that because Mensah's Wilberforce visa was invalid (as a product of fraud), so too was Appiah's; that Appiah was therefore inadmissible because she had no valid visa; and that she was not eligible for waiver of inadmissibility under § 212(k) because she did not seek the waiver in conjunction with an application for admission or adjustment of status.

The BIA dismissed Appiah's subsequent appeal, ruling that: (1) she "did not satisfy her burden of proving by clear and convincing evidence that she is lawfully in the United States," and (2) she was not eligible for a waiver of admissibility under § 212(k) for the reason stated by the immigration judge, and also because she had not "sufficiently demonstrated her eligibility for such a waiver."

Appiah did not appeal the BIA's decision. Rather, she sought reconsideration, which was denied, and then timely petitioned for review of only the denial of reconsideration. We therefore limit our review to examining the BIA's denial for an

abuse of discretion.  See Asemota v. Gonzales, 420 F.3d 32, 34 (1st Cir. 2005) ("Our review of the BIA's denial of petitioner's motion to reconsider is for abuse of discretion.  We will find an abuse of discretion only where . . . 'the denial was made without a "rational explanation, inexplicably departed from established policies, or rested on an impermissible basis" (such as race).'" (quoting Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003) (internal citations omitted))).

As far as the finding that Appiah is inadmissible because she is not lawfully in the United States, the parties agree that the BIA erred as a matter of law in stating that Appiah bore the burden of proving lawful presence.  Nevertheless, given the evidence showing that the visa issued to Mensah's fictitious Wilberforce alias was invalid, it follows that Appiah's visa was invalid for the purposes of admissibility.  See Matter of Koloamatangi, 23 I. & N. Dec. 548, 551 (BIA 2013).  Therefore, the BIA's error provides no reason to remand.  See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969).  Indeed, even on appeal, Appiah offers no argument that Mensah's alias visa was valid, or that its invalidity did not per force invalidate her visa ab initio.

As for the § 212(k) waiver, it was not an abuse of discretion for the BIA to find that Appiah failed to make the required showing that she was reasonably diligent in ascertaining

her admissibility prior to entry. Indeed, her own statements, described above, suggested that she very likely knew of the chicanery and certainly made no efforts to confirm the relationship between Wilberforce--the purported name of her then-husband--and Mensah--the name she listed on her visa application. All in all, the record does not compel a finding of reasonable diligence by Appiah in her professed failure to learn that Wilberforce and Mensah were one and the same.[1]

We therefore <u>deny</u> Appiah's petition for review.

---

[1] We therefore need not consider or resolve the parties' dispute concerning whether § 212(k) would be applicable had Appiah demonstrated such diligence.